# HORACE C. SYLVESTER AND OTHERS, RESPONDENTS, *v.* JOHN F. CROHAN AND ANOTHER, APPELLANTS.

*Bills and notes — the half-holiday law — when a sight draft may be presented for payment — what is a domestic bill of exchange — Laws of 1887, chap. 289, sec. 1.*

The firm of Crohan & Dooner, of Savannah, Ga., in July, 1891, drew a sight draft on Abraham Backer of New York city, to the order of Sylvester Bell & Co., also of New York city, which the latter firm received on Friday, July 31, 1891, and deposited at once in bank. On Saturday the bank presented it to Backer, between ten and half-past ten in the morning. He requested that it be presented again on Monday. This was done, payment was refused and the draft was protested.

*Held,* that under section 1 of chapter 289 of the Laws of 1887, relative to the effect upon commercial paper of the half-holiday law, the demand of the drawer and protest were properly made on Monday.

That as the draft was payable in New York, and drawn in favor of a resident of that State, it was a New York draft and was governed by its laws.

Appeal by the defendants, John F. Crohan and William H. Dooner, Jr., from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 4th day of January, 1892, upon a decision in favor of the plaintiffs after a trial before the court without a jury at the New York Circuit.

The action was brought to recover the amount due upon a draft which had been forwarded by the defendants to pay their note held by the plaintiffs, Sylvester Bell & Co.

*Goldsmith & Doherty,* for the appellants.

*John C. Green,* for the respondents.

Per Curiam:

This action was brought to recover on a sight draft made by the defendants to the order of the plaintiffs, and drawn upon one Abraham Backer. The defense was that the payment of the draft was lost by the laches of the plaintiffs, and thereby the defendants became discharged from liability thereon. The draft being drawn in favor of a resident here and made payable here, the rights of the parties are to be governed by the laws of this State. In determining them resort must be had to the construction to be given to the statutes of the State with reference to the time within which a draft may be presented for payment, and if refused thereafter protested.

The court found that the plaintiff received said draft through the mails on Friday, July 31, 1891, at eleven o'clock in the forenoon and without presenting it to the drawee, Abraham Backer, on the same day and hour deposited it to their credit in the Importers and Traders' National Bank of New York; that a messenger of said bank presented said draft to said Abraham Backer for payment on Saturday, August 1, 1891, between ten and half-past ten o'clock in the forenoon, and was directed to leave notice and present again on Monday; and that said draft was presented for payment to said drawee on Monday, August 3, 1891, and payment thereof was then

demanded and refused, whereupon said draft was then and there protested for non-payment, and on the same day the usual notice of protest was mailed to defendants at Savannah, Georgia.

By section 1 of chapter 289 of the Laws of 1887, every Saturday, from twelve o'clock at noon until twelve o'clock at midnight, is designated a half holiday; and for all purposes whatever, as regards the presenting for payment or acceptance and protesting and giving notice of the dishonor of bills of exchange, bank checks and promissory notes, might after the passage of the act be treated and considered as the first day of the week, commonly called Sunday, and as public holidays or half-holidays; and all such bills, checks or notes, otherwise presentable for acceptance or payment on any of said days shall be deemed to be payable, or to be presentable for acceptance or payment on the secular or business day next succeeding such holiday; but in case of a half-holiday, shall be presentable for acceptance or payment at or before twelve o'clock, noon, of that day. Provided, however, that for the purpose of protesting, or otherwise holding liable any party to any bill of exchange, check or promissory note which shall not have been paid before twelve o'clock, noon, on any such half-holiday, the demand of acceptance or payment thereof may be made and notice of protest or dishonor thereof may be given on the next succeeding secular day.

We think that this case falls within these provisions. The plaintiff was bound to present the note for payment on the day succeeding the day on which it was received. It was presented for payment on Saturday and not paid, and by the provisions of the statute the plaintiff had until the next succeeding secular or business day upon which to present a formal demand and protest, and give notice thereof to the drawer; and this provision having been complied with, we think the drawer was properly held.

The judgment should, therefore, be affirmed, with costs.

Present — Van Brunt, P. J., O'Brien and Ingraham, JJ.

Judgment affirmed, with costs.